# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Arthur D'Amario, III,

    Plaintiff,

vs.

United States of America,

    Defendant.

CV 16-0639-TUC-JAS (JR)

**REPORT AND RECOMMENDATION**

    Pending before the Court is Defendant United States of America's Motion to Dismiss, or in the alternative Motion for a More Definite Statement (Doc. 8). Plaintiff Arthur D'Amario, III, has responded (Doc. 11) and Defendant has replied (Doc. 12). The Court converted the statute of limitations argument in Defendant's Motion to Dismiss into a Motion for Summary Judgment and invited the parties to supplement the briefing (Doc. 14). Defendant disagreed with the conversion of the motion and relied on its prior briefing (Doc. 15). Plaintiff submitted a Supplemental Memorandum in which he offered additional evidence supporting his opposition to the motion (Doc. 19). The Court recommends that Defendant's converted Motion to Dismiss be granted and this case be ordered dismissed.

## I. Background

D'Amario brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. *Complaint*, ¶ 1. He alleges that he "is a citizen and resident of Rhode Island who has lived in exile in Arizona from 2001-16, and who was a federal inmate from 2/19/99 through 12/23/14, including within Arizona prisons." *Complaint*, ¶ 3. While D'Amario was in prison from 2002 through 2004, approximately $16,000.00 was embezzled from his bank account by his sister-in-law, Karen Narducci of Providence, Rhode Island. *Complaint*, ¶ 4. In March 2005, D'Amario paid $1,800.00 to a Rhode Island attorney, Charles Wick, who filed suit against Narducci seeking recovery of the embezzled funds. *Id*., ¶ 5.

D'Amario alleges that, subsequent to the filing of the lawsuit, Attorney Wick was "unable to prosecute the claim or present it for mediation, because the BOP and US Probation offices in RI, NJ and AZ, forcefully prevented him from returning home to RI, even after expiration of sentences . . . ." *Id*., ¶ 6. Further, from 2000 through 2014, D'Amario alleges that "the BOP repeatedly detained [him] beyond expiration of his sentences, miscomputed his jail credit on every sentence in contravention of BOP policies and court orders, and prereleased and released him to the wrong districts, and thereby kept him out of RI into 2014." *Id*., ¶ 7. He identifies a number of United States Probation officers and Bureau of Prisons employees who were responsible for the alleged wrongdoing. *Id*., ¶ 8.

On January 3, 2012, allegedly unbeknownst to D'Amario, Attorney Wick allowed the suit against Narducci to be dismissed as a stale claim "solely because of

[D'Amario's] inability to physically appear in RI and assist with the litigation." *Id.*, ¶ 9. Then, on September 25, 2012, D'Amario filed a pro se motion to vacate the dismissal order. *Id.*, ¶ 10. The motion was heard and denied almost three years later on July 13, 2015. *Id.* D'Amario alleges that he then filed a notice of appeal by mail from Arizona, "but a Superior Court clerk destroyed it, and no appeal was allowed." *Id.*

On January 12, 2016, D'Amario filed an administrative notice of tort claim with United States Probation seeking treble damages plus interest, which he alleges he would have recovered had Defendant's employees not prevented him from pursuing his claim against Narducci. *Id.*, ¶ 11. The claim was denied on May 25, 2016, and D'Amario commenced this action by filing his Complaint on September 27, 2016. *Id.* He seeks treble damages of $48,000 for the embezzled funds, and $1800 for the retainer he paid to his lawyer to pursue the recovery of the funds. *Id.*, p. 2.

## II. Motion for Summary Judgment

Defendant's motion was filed as a motion to dismiss. However, as explained in the Court's order converting the statute of limitations portion of the motion into a motion for summary judgment, the FTCA's two-year statute of limitations, found at 28 U.S.C. § 2401(b), is not jurisdictional. *See United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1633 (2015). It is therefore not properly the subject of a 12(b)(1) motion. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n. 2 (9th Cir. 1995). Thus, Defendant's Motion to Dismiss on grounds of the FTCA's statute of

limitations was converted to and will be considered as a motion for summary judgment under Rule 56, Fed.R.Civ.P. *See Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (requiring notice from court before conversion of motion to dismiss into motion for summary judgment).

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323. A party demonstrates summary adjudication is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific material facts showing that there is some genuine issue that is unsuitable for

resolution without trial. *See* Fed. R. Civ. P. 56(c); *Liberty Lobby, Inc.,* 477 U.S. at 250. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The nonmoving party is required to present evidence of specific facts, by affidavit or through admissible discovery material, in support of its contention that a factual dispute exists. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). In resolving a motion for summary judgment, the Court can consider only admissible evidence. *Orr*, 285 F.3d at 773 (citing Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

**III. Discussion**

    **A. Statute of Limitations**

Defendant contends that D'Amario's claims are all barred based on the FTCA's statute of limitations. The FTCA statute of limitations is specified in 28 U.S.C. 2401(b), requiring that the tort claim must be presented to the appropriate federal agency within two years after it accrues. *See Landreth By and Through Ore v. U.S.*, 850 F.2d 532, 533-34 (9th Cir. 1988). "The date on which an FTCA claim accrues is determined by federal law." *Bartleson v. United States*, 96 F.3d 1270, 1276 (9th Cir. 1996); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

A claim accrues under the FTCA when the plaintiff is or should be aware of his injury and its immediate cause. *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008). For purposes of determining when a claim accrues, the Ninth Circuit follows the "discovery rule," which states that a claim accrues when the plaintiff learns, or, in the exercise of reasonable diligence should have learned, of his injury and of the actions that caused it. *United States v. Kubrick*, 444 U.S. 111, 123-24 (1979).

Under these authorities, the question to be answered here is whether D'Amario's claims accrued more than two years before he filed his administrative claim with United States Probation in January of 2016. He contends that he was not aware of his injury until July 2015 when the Rhode Island court denied his motion to vacate the January 3, 2012 dismissal of his action against his request to reopen the lawsuit filed against Narducci. However, his position is undermined by his statements in an earlier administrative claim that he filed against the Bureau of Prisons. In that administrative claim, which is dated October 8, 2013 and is attached as Exhibit A to Defendant's Motion to Dismiss, D'Amario alleges that due to mistakes made by the BOP he was

> defaulted and lost the case Jan. 2012 for non-appearance and failure to prosecute my claim. My sister-in-law had embezzled $16,000 from my bank account from '03 to '04, and [the BOP] forced me to lose my case without a trial.

As Defendant notes, this earlier administrative claim alleges the same injury alleged in this case— that he lost his opportunity to recover the funds embezzled by

6

his sister-in-law. Thus, there is no material dispute about the fact that D'Amario knew of the injuries that form the basis of this lawsuit, and was aware of any potential discriminatory acts that caused his injury, by October 2013 at the latest. Accordingly, his claim accrued more than two years prior to the January 2016 filing date of the administrative claim against United States Probation that underlies this action. *See Stanley v. Tr. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006) ("[t]he proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful"). This matter should be dismissed as untimely.

## IV. Recommendation

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **grant** Defendant United States of America's Motion to Dismiss (Doc. 8), which was converted by the Court into a Motion for Summary Judgment.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days

within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 16-0639-TUC-JAS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Dated this 9th day of August, 2017.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge